THE WESTERN RAILROAD COMPANY, Appellant, v. MICHAEL A. NOLAN et al., THE BOARD OF ASSESSORS OF THE CITY OF ALBANY, Respondents.

Trustees, in whom is the title to a trust fund, are the proper parties plaintiff in an action to maintain and defend the fund against wrongful attack or injury, tending to impair its safety or amount. Neither the *cestuis que trust* nor beneficiaries can maintain such action against a third person, except in case the trustees refuse to perform their duty, and then the trustees should be made parties defendant.

Assessors are *quasi* judicial officers; their assessments are in the nature of judgments. They are not subject to an action to review, modify or reverse their judgments, nor to hold them to personal liability, when acting within their jurisdiction. Their judgments can be reversed by action for fraud, mistake or other cause, giving jurisdiction to courts of equity; but it is the parties affected by the judgment who must be brought into court to litigate, not the judges.

It is ministerial, not judicial officers, whom the court has power to restrain when proceeding illegally under a claim of right. The process of injunction, in a proper case for staying a judgment, goes against the parties, not the tribunal or its judges.

The rule denying the right to interfere by injunction to restrain the collection of a tax, is one of public policy, and it is equally applicable to the case of an assessment.

The remedy by *certiorari* is the proper one to review an assessment.

(Argued January 6, 1872; decided May term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial district, affirming a judgment dismissing plaintiff's complaint.

The action was brought to restrain the defendants, as assessors of the city of Albany, from assessing the sum of $500,000, for personal property, against Joseph C. Y. Paige and Thomas W. Olcott, trustees, for the purpose of taxation. The said sum was held by Paige and Olcott as trustees, under certain tripartite contracts, dated in 1840, 1841 and 1849, between the city of Albany of the first part, the Albany and West Stockbridge Railroad Company (a corporation of the State of New York), of the second part, and the plaintiff (a corporation of the State of Massachusetts), of the third part. Under these contracts the city of Albany issued its bonds to the plaintiff for $1,000,000, payable one-fourth in twenty-five years, one-half in thirty years, and the remaining one-fourth in thirty-five years from June, 1840, with interest coupons at six per cent per annum, payable semi-annually; the plaintiff agreeing to apply one-tenth of the proceeds of the bonds to the creation of a sinking fund, to be held, managed and controlled by two trustees, one of whom should be the chamberlain for the time being of the city of Albany, and the other to be nominated by the plaintiff, who was

required to keep the fund invested, together with an additional one per centum on the amount of the said bonds, to be contributed annually to the said fund by the plaintiff, and accumulate the said fund for the purpose of retiring the said bonds at maturity, paying the surplus to the said plaintiff. The residue of the proceeds of the said bonds the plaintiff agreed to apply to the construction of the Albany and West Stockbridge railroad, which completed a through line of railroad communication from the eastern terminus of the plaintiff's railroad in Massachusetts to the city of Albany. The city of Albany also agreed to subscribe for $1,000,000 in the stock of the Albany and West Stockbridge Railroad Company, to be held by said city in consideration of the issue of said city bonds, of which stock the plaintiff was to become the owner as fast as it retired the said bonds; and the agreement appears to contemplate that the plaintiff would become the lessee of the said West Stockbridge railroad, until the plaintiff became the owner of said railroad by payment of the said city bonds; and the plaintiff also agreed to pay the interest on the bonds as it became due, as a rent for the use of the said West Stockbridge railroad. This agreement was carried into effect; the said bonds were issued, and were outstanding at the commencement of the action; and the said sinking fund amounted, with all the annual payments of the plaintiff thereto, and the accumulations thereon to $916,489.41, of which the said Paige and Olcott were then in possession and the actual trustees. This fund was invested by the trustees in the name of the plaintiff and the city of Albany, on bond and mortgage to the amount $322,529, and the residue in the stocks of the State and general government, and in bonds of the city and county of Albany, cash on hand, and bonds of the New York Central Railroad Company. The judge, before whom the action was tried without a jury, found that the defendants were assessors of the city of Albany; that, as such, they had determined that the said fund was liable to taxation, and, in pursuance of their determination, had

entered in the assessment roll of the said city the amount of $500,000 for personal property in the names of Thomas W. Olcott and Joseph C. Y. Paige, trustees as aforesaid. That the plaintiff had no other property in the city and county of Albany, except office furniture of the value of fifty dollars. That the plaintiff had, in due time, presented to the defendants, as assessors, proof of the said facts, and requested them to strike the said assessment from the assessment roll, and that the assessors declined to accede to it, but determined to assess the said fund for the purposes of taxation. That the defendants were not of sufficient pecuniary responsibility to respond to the plaintiff in damages if it should be determined that the said fund was not liable to taxation. That the plaintiff is a foreign corporation, created under the laws of the State of Massachusetts.

The plaintiff requested the judge to decide that the said fund was not liable to be assessed for the purposes of taxation, and that the plaintiff was entitled to an injunction restraining the defendants, as assessors, from assessing the said fund for taxation, and from assessing the said trustees for the said fund; but the said judge held and decided that the plaintiff was not entitled to the relief demanded, and adjudged that the complaint be dismissed with costs. The plaintiff duly excepted to such refusal to find as requested, and to the decision so made by the said judge.

The defendants thereupon entered judgment, dismissing the complaint, with costs.

*John H. Reynolds* for the appellant. The fund in question belonging in fact to a non-resident, is not subject to taxation. (*Lord* v. *Arnold,* 18 Barb., 105 ; *Hoyt* v. *Com. of Taxes,* 23 N. Y., 224, 240 ; Story's Con. of Laws, 309–314 ; 2 Kent, 401.) The court has power to restrain the assessment by injunction. (*Chegary* v. *Jenkins,* 1 Seld., 376 ; *Mohawk & Hudson R. R. Co.* v. *Artcher,* 6 Paige, 83 ; *Belknap* v. *Belknap,* 2 I. C. R., 463 ; *Livingston* v. *Living-*

*ston*, 6 id., 467; 1 Story Eq. Jur., § 252; *Cooper* v. *Alden*, Harrington Eq., 72; *McCord* v. *Iker*, 12 Ohio. 387.)

*Samuel Hand* for the respondents.    The trustees of an express trust are the only proper parties to protect the fund. (Code, § 113; *Church* v. *Stewart*, 27 Barb., 553.)    The court will not interfere by injunction to restrain assessments for taxation, save where the assessment would affect lands. (*Magee* v. *Cutler*, 43 Barb., 240; *Susquehanna Bank* v. *Supervisors of Broome County*, 25 N. Y., 313; *Mayor* v. *Messerole*, 26 Wend., 132; *Life Ins. Co.* v. *Supervisors*, 4 Duer, 192; *Betts* v. *Williamsburgh*, 15 Barb., 255; *Heywood* v. *Buffalo*, 4 Kern., 534; *The Mut. Ins. Co.* v. *Sup. N. Y.*, 8 Bos., 683; *Wilson* v. *Mayor of N. Y.*, 4 E. D. Smith.)    The proceedings can be reviewed by certiorari.    (40 N. Y., 154.)    Irresponsibility of defendants no ground for equitable jurisdiction.    (*Watson* v. *Hunter*, 5 J. Ch., 169.)

LEONARD, C.    While the plaintiff has an important interest in the sinking fund, it is not under its control or management, nor is the title to it vested in it.    It has such an interest as would enable it to compel an accounting by the trustees, or maintain an action against them for the correction of an abuse of the fund.    The plaintiff has agreed to indemnify the city of Albany from injury by losses to the fund, and is thereby indirectly bound to maintain it, or to pay the bonds, amounting to $1,000,000, with the interest; and the plaintiff is also entitled to the amount of the trust funds remaining, after the said bonds, with the interest, have been satisfied or paid.    Perhaps it might maintain an action against third parties for the protection or defence of the fund, in case the trustees should, on request, refuse to institute the proper action or proceedings for that purpose. The plaintiff should be regarded as a *cestui qui trust*, and interested in the said fund.    The trustees are the parties in whom the fund is vested, and whose duty it is to maintain and defend it against wrongful attack or injury tending to

impair its safety or amount.   The title to the fund being in them, neither the *cestuis qui trust* nor the beneficiaries can maintain an action in relation to it, as against third parties, except in case the trustees refuse to perform their duty in that respect, and then the trustees should be brought before the court as parties defendant.   There is nothing in the case proving any refusal or reluctance on the part of the trustees to perform any duty which they ought to assume in vindicating the fund from illegal assessment or taxation.   The plaintiff has not, for these reasons, made any case entitling it to bring this action.

There are other technical objections to this action which are insurmountable.

The assessors are *quasi* judicial officers when acting within the sphere of their jurisdiction, and their assessments when made become judgments to be enforced by a warrant, in the nature of a special execution, to be issued by the supervisors of the county.   The assessors are not subject to an action to review, modify or reverse their judgments, nor to hold them to personal liability when acting within their jurisdiction. (*Barhyte* v. *Shepherd*, 35. N.Y. R., 238, and cases there cited). Their judgments can be reviewed by action for fraud, mistake or other cause giving jurisdiction to courts of equity, but it is the parties affected by the judgment who must be brought into court to litigate, and not the judges.

The public officers which the court has the power to restrain when proceeding illegally under a claim of right, injuriously affecting the property or rights of a party, referred to by the chancellor in the case of the *Mohawk and Hudson Railroad Co.* v. *Artcher* (6 Paige R., 83), and other cases there cited, particularly referred to by the learned counsel for the plaintiff, are ministerial and not judicial officers.   The process of injunction in a proper case for staying a judgment goes against the parties, and not against the tribunal or its judges.

The law is also well settled that the courts will not interfere by injunction to restrain the collection of a tax, unless

the case were brought within some acknowledged head of equity jurisprudence. An action lies where the tax is upon land, which is liable to be sold to collect it, and the conveyance to be executed by the proper officer would be conclusive evidence of title, and the tax was not void on its face; or where there might otherwise be a multiplicity of suits.

It is said by the Court of Appeals, in the case of the *Susquehanna Bank* v. *The Supervisors of Broome County* (25 N. Y. R., 312, 314), that there is no more reason for entertaining a suit to restrain the collection of a tax, than there would be, where, in an action for the recovery of money, a party had a judgment against him upon an erroneous ruling of the law. ( *Vide*, page 314, and other similar cases there cited.) The rule denying the right to interfere by injunction to restrain the collection of a tax, is one of public policy, and it is equally applicable to the case of an assessment. The measures adopted for equalizing and gathering the public revenue, and the means of paying the demands of the creditors of the government, as well as carrying on or continuing the public business, ought not to be restrained or delayed at the suit of private parties. · The rule that equity will not interfere by injunction, where there is a sufficient remedy at law, is equally well settled. The remedy by certiorari has been repeatedly adopted and sustained by the Court of Appeals in such cases. If promptly urged, upon proper proofs presented to the assessors in due season, this remedy is adequate for the correction of all the errors and injustice liable to be committed in the performance of their official duties.

It being fully shown that this action cannot be maintained, it would be a work of supererogation to examine the question whether the fund is liable to taxation or assessment in the city of Albany. That question is not properly before the court.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.