LUCAS H. WEETJEN AND OTHERS, APPELLANTS, *v.* CHAUNCEY VIBBARD AND OTHERS, RESPONDENTS.

*Trustee — duty of — Misfeasance of trustee — when beneficiaries can maintain action for, in their own name.*

It is the positive duty of each trustee to protect the trust estate from any misfeasance on the part of his co-trustees, and to institute such proceedings as shall prevent it.

It is only in case of his refusal so to do, or his connivance in the fraud, that the beneficiaries of the trust can maintain the necessary action in their own name, for the protection of their violated interests.

APPEAL from an order sustaining a demurrer to the plaintiffs' complaint.

This action was brought by the plaintiffs, both in their own behalf and also in behalf of all other holders of the bonds of the first division of the St. Paul and Pacific Railroad Company, for an injunction and an accounting by certain trustees. The complaint alleged, among other things, the appointment of three trustees for the negotiation and sale of certain railroad bonds, and that two of them had grossly violated their duty; but it was not alleged that the third trustee had been guilty of any improper conduct, or that he had any knowledge of the misconduct of his co-trustees.

*Joseph H. Choate*, for the appellants.

*Thos. H. Hubbard*, for the respondents.

DANIELS, J.:

The present action was before this court at the preceding term, on appeals taken from injunction orders.* In disposing of the case at that time, the injunction orders were continued in a modified form, because it appeared from the affidavits and papers then before the court, that the plaintiffs, as bondholders, suing in their own behalf and that of all others having similar ground of complaint, would probably be able to maintain their right to at least a part of the relief applied for by them. But upon the present appeal, the complaint and demurrer to it are alone presented for consideration. The affidavits in the case on the other occasion cannot, therefore, be resorted to for the purpose of aiding and extending the plaintiffs' case by means of the additional facts which could fairly be inferred from what was contained in them. By their assistance, sufficient then appeared to justify the presumption that the misconduct of Moorhead, the acting trustee, was concurred in and approved of by the other two trustees, in the mortgage given to secure the bonds held by the plaintiffs and the other parties they proposed to represent; and that was then deemed sufficient for the purpose of enabling the plaintiffs to maintain the action for their own equitable protection. But the case now stands alone upon the facts set

* See 4 Hun, 529.—[REP.

forth in the complaint, which wholly fails to show any misconduct whatever in the management of the affairs of the trust by Horace Thompson, one of the three trustees to whom the mortgage was given for the security and protection of the bondholders. It is not even alleged that he knew of the misconduct complained of as the foundation of the action, and no facts are set forth from which such knowledge can reasonably be presumed. If there had been, that possibly might have been sufficient to make him a party to, and responsible for, the misconduct alleged on the part of Moorhead. For, if he knew that the latter was misapplying and diverting from its proper use, under the terms of the agreement made, and the mortgage given, the iron purchased for the construction of the railroad, that rendered it his duty to interfere and arrest the consummation of the fraudulent design, and a failure to perform it would justify the conclusion that he at least acquiesced in the breach of trust designed to be perpetrated. It is a positive duty of each trustee to protect the trust estate from every misfeasance on the part of the others acting with him; and when it comes to his knowledge that they intend to abuse their trust, by a misuse of the property committed to the charge of all, it is his duty to institute such proceedings as may be attended with the effect of preventing it. And when the act has been performed, he should promptly take all necessary measures to secure the restoration of the fund or property misappropriated, to the proper objects of the trust. A mere refusal to do that will so far involve him in the consequences of his associates' breach of duty as to entitle the beneficiaries to maintain the necessary action in their own name for the protection of their violated interests. Active participation even in the wrong is not required, to make a trustee a party to it, but silent connivance will be sufficient for the purpose, when it may be observed to afford the means of rendering the misconduct of the others successful. (*Powlet* v. *Herbert*, 1 Ves. Jr., 296; *Walker* v. *Symonds*, 3 Swanst., 1, 71; *Hanbury* v. *Kirkland*, 3 Simons, 265; *Mumford* v. *Murray*, 6 Johns. Ch., 1; Hill on Trustees [3d Am. ed.], 309 and note; *Boardman* v. *Mosman*, 1 Brown C. C., 68; *Brice* v. *Stokes*, 11 Ves. Jr., 319; *Oliver* v. *Court*, 8 Price Exchq., 127, 166; Burrill on Assignments, 562, 563; Tiff. & Bullard on Trusts, 568, 669.) And such misconduct, with a positive misappropriation of the trust

property by the other trustees, would probably prove sufficient to enable the beneficiaries to maintain an action in equity for their own protection. For, in a case of that description, the trustees could not, with any safety, be relied upon as proper agents to prosecute proceedings for the redress of their own wrongs. In such an emergency, the beneficiaries have the right to avail themselves of the ordinary remedies of courts of equity for their own redress. But where that is not shown, or the trustees have not refused to institute the proper proceedings, the case is not one for their active interposition. (*Western R. R. Co.* v. *Nolan*, 48 N. Y., 513, and authorities referred to in the opinion already delivered in this case ; *Sandford* v. *Jodull*, 2 Smale & Giff.,176.)

The conduct of Thompson has not been implicated in either respect by any thing alleged in the plaintiffs' complaint, and while that continues to be the case, he cannot, when nothing else is before the court for consideration, be held to be involved in the consequences of the misconduct of Moorhead. On the contrary, the presumption must be that he has participated in nothing inconsistent with his duty as one of the trustees under the mortgage. And while he appears to sustain that relation to the plaintiffs, he is the proper person to institute and carry on the proceedings required for their protection. That he has the power to do that is abundantly settled by authority. (*Parker* v. *Ledger*, 4 De Gex & Smale 137 ; *Horsley* v. *Fawcett*, 11 Beavan, 565 ; *Hughes* v. *Key*, 20 id., 395 ; *Baynard* v. *Woolley*, id., 583 ; *Budgett* v. *Haines*, 1 Coll., 72 ; *Wood* v. *Brown*, 34 N. Y., 337 ; *McGregor* v. *McGregor*, 35 id., 218 ; *May* v. *Selby*, 20 Eng. Ch., 235.) And in such an action, the persons beneficially interested are not proper or necessary parties. (*Franco* v. *Franco*, 3 Ves. Jr., 75.) For all the purposes of the case they are represented by the trustee acting in their behalf, and when he has not been implicated in the wrong intended to be redressed, he is the person who should take proceedings for its correction, and until his refusal to do so is shown in the case, an action by the beneficiaries must be regarded as premature. They are permitted to maintain the action only when that may be the necessary way of protecting their interests, and no such necessity can exist when the conduct of one of the trustees is free from objection and he has not declined to prosecute in their behalf.

The complaint presents a good equitable cause of action, but not in favor of the plaintiffs as long as one of the trustees must be considered free from even connivance with those by whose breach of trust it has been created, and he has not declined to proceed against them. He is the proper person to maintain the suit, unless it can be shown by an amendment of the complaint, either that he has refused to do so, or made himself a party to the misappropriation of the property equitably bound by the mortgage for the security of the bondholders.

The order should be affirmed, with liberty to the plaintiffs to amend on the usual terms.

DAVIS, P. J., and WESTBROOK, J., concurred.

Order affirmed, with leave to plaintiffs to amend within twenty days, on payment of costs of demurrer and appeal.