(34 Misc. Rep. 380.)

### JACKSON v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. March, 1901.)

1. PERSONAL TAX—INJUNCTION.
    An equitable action against the city to enjoin collection of a personal tax against a trust estate cannot be maintained on the ground that the assessment was by mistake levied on the same property twice in one year, as plaintiff's remedy is complete at law.

2. EQUITY—DEMURRER.
    An objection that plaintiff is not entitled to equitable relief may be raised by demurrer for insufficiency.

Action by Theodore F. Jackson, trustee, against the city of New York. Demurrer to complaint sustained.

Joseph A. Burr, for plaintiff.
James M. Ward, for defendant.

BISCHOFF, J. The action is by a trustee to enjoin the collection of a personal tax against the estate; the ground of invalidity being that the assessment was imposed twice upon the same property within one year, through mistake.

Upon examination of the authorities, I find no ground upon which this case can be excepted from the application of the general rule which opposes the maintenance of an action to restrain the collection of a tax. Wilson v. Mayor, etc., 4 E. D. Smith, 675, 702; Railroad Co. v. Nolan, 48 N. Y. 513; Heywood v. City of Buffalo, 14 N. Y. 534; Guest v. City of Brooklyn, 69 N. Y. 513. These cases recognize an exception to the general rule only where the purpose of the suit is (1) to prevent a multiplicity of actions; (2) to prevent irreparable injury to the freehold; (3) to remove a cloud from the title (Guest v. City of Brooklyn, supra); and there is nothing in the language used by the court in any of the cases to which I have been referred which could support the maintenance of this action merely

because the error which led to the double tax is termed a "mistake." It is the insufficiency of the legal remedy which justifies, if ever, the maintenance of such an action, irrespective of the particular form in which the invalidity of the tax is asserted. See Heywood v. City of Buffalo, 14 N. Y. 540, 541. And, in the case of an erroneous personal tax, the existence of a complete remedy at law (either by way of defense to an action for collection of the tax, or by action to recover back the amount paid) precludes the plaintiff's success in an equitable action for an injunction to restrain the enforcement of the tax. Wilson v. Mayor, supra. The plaintiff's allegations disclose his remedy at law, and the fact that he cannot safely treat the purported debt as a charge against the estate, for the purposes of his accounts as trustee, does not give him any peculiar standing in a court of equity. Necessarily, he must treat the tax as invalid, and cannot pay it from the funds of the estate; but, since it is invalid, it becomes no more enforceable against him than would any other invalid tax assessed against any individual. My conclusion is that the action is not maintainable for equitable relief, and the demurrer for insufficiency properly presents the point. Abb. Tr. Brief Pl. §§ 110, 111.

Demurrer sustained, with costs.