If there be any questions as to the propriety of imposing a tax upon the operating company, rather than the dormant one, the latter part ·of section 185 would seem to be quite conclusive; for it is there provided that, if such railroad corporation has leased its property to .another railroad, it shall not pay the 1 per centum imposed upon the ·operating company, but only a tax of 3 per cent. upon dividends paid in excess of 4 per cent. upon the amount of its capital stock. The tax in fact was levied by the comptroller upon the operating company, .and not upon the dormant company, which owned the roadbed, and I think the company against which the assessment was made should pay, and not the. dormant company, which did not exercise the fran- ·chise of operation.

---

COHEN v. LONG ISLAND R. CO. et al.

·(Supreme Court, Appellate Division, First Department. January 24, 1913.)

.1. EVIDENCE (§ 579*)—EVIDENCE AT FORMER TRIAL—DECEASED WITNESS.

Under Code Civ. Proc. § 830, providing that, where a witness dies after trial of an action, his testimony at such trial may be read in evidence at a new trial of the same subject-matter in the same or another action between the same parties, testimony of one, who saw an accident at a railroad crossing, in which a brother and sister, both unmarried, were killed, given in an action by an administrator for the death of one of them, was admissible in an action by the same administrator in an action 'for damages for the death of the other; the witness having died.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2412; Dec. Dig. § 579.*]

:2. EXECUTORS AND ADMINISTRATORS (§ 51*)—CAUSE OF ACTION—ASSETS— DEATH.

A cause of action for death is no part of the assets of the decedent's estate, nor are the damages.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 51;* Death, Cent. Dig. §§ 132–138.]

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Zipe Cohen, as administrator of Ida Cohen, deceased, .against the Long Island Railroad Company and another. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Wm. C. Beecher, of New York City, for appellant Long Island .Railroad Co.

Abram I. Elkus, of New York City, for respondent.

SCOTT, J. The plaintiff sues for and has recovered damages for the death of her intestate, her daughter, resulting, as it is alleged, ·from the negligence of the defendants. The accident, which resulted in death, occurred at a point in Queens county within the limits of the -city of New York, where the highway known as Woodhaven avenue -crossed, at grade, the line of the defendant companies. Both the

highway and the railway ran at a slightly descending grade to the point of intersection, and the crossing was to an extent a blind one, because the corner which was at the natural grade served as a mask between the highway and the railway, so that a traveler on the highway could not see an approaching train until within 50 or 60 feet of the track.

The plaintiff's decedent and four other persons, two women and two men, were driving in a wagon along Woodhaven avenue. As they crossed the railroad tracks, they were struck by one of defendants' trains running at a high rate of speed, with the result that every person in the wagon was killed. Without attempting to state the facts in detail, it may be said that there was a sharp conflict of evidence as to the care exercised by defendants' servants, and by decedent and the other persons in the wagon. One important question litigated was as to the acts of a flagman stationed at the crossing by defendants. According to one story, he neglected to give any warning until the persons in the wagon had come into a position of danger. According to another story, he had been alert, and had warned the travelers on the highway in ample time to have enabled them to avoid the accident. It is manifest that the testimony of the flagman himself might have been of the utmost value, but he had died before the trial.

[1] The only question which we deem it necessary to consider is whether or not the defendant was entitled to read his evidence given on a former trial. This evidence at first was admitted and a part of it read to the jury. It was subsequently stricken out, and the jury warned that they were not to consider it. Among those killed by the accident, a passenger in the same wagon with decedent, was Jacob Cohen, a brother of decedent, and a son of the plaintiff, who caused herself to be appointed administratrix of his estate, and as such brought suit against the defendants. At the trial of that action the flagman was called as a witness and examined and cross-examined at length, the plaintiff being represented by the same counsel by whom she was represented on the trial of the present action. The question is whether defendant was entitled to read on the trial of this action the testimony of the flagman given on the trial of the Jacob Cohen action. It appears that Jacob Cohen and Ida Cohen were both the children of the plaintiff Zipe Cohen, and were both unmarried. Identically the same persons are therefore entitled to share in any recovery in either action.

The defendant relies upon section 830, Code Civil Procedure, which provides:

"Where a party or witness has died * * * since the trial of an action * * * the testimony of the decedent * * * taken or read in evidence at the former trial * * * may be given or read in evidence at a new trial * * * of the same subject-matter in the same or another action or proceeding between the same parties to such former action or proceeding. * * *"

The defendants are the same in both actions. The "subject-matter" to which the evidence relates, to wit, the negligence or lack of negligence of defendants' servant, is the same in both actions, and it is

worthy of note that to entitle evidence on a former trial to be read in a subsequent one it is not necessary that the causes of action shall be identical, but only that the subject-matter to which the evidence relates shall be the same. This leaves only open for consideration therefore the question whether in this particular instance both actions were prosecuted by the same person. In a literal sense the same person, to wit, Zipe Cohen, is plaintiff in both actions, although her qualification is different, and it is therefore claimed that Zipe Cohen as administratrix, etc., of Ida Cohen, deceased, is a different persons in the eye of the law from Zipe Cohen, as administratrix, etc., of Jacob Cohen, deceased. The distinction is, I think, for the purposes of the question now under consideration rather apparent than real. In Pratt, Hurst & Co., Ltd., v. Tailer, 135 App. Div. 1, 119 N. Y. Supp. 803, an action for damages against a landlord for permitting a roof to become leaky, a question arose as to the propriety of reading the evidence given by a witness upon the trial of another action to recover for the same loss; the witness having died meanwhile. The first action was against the same defendants, who were sued only "as executors and trustees." In the second action they were also sued "individually," and the evidence was objected to because the parties were not the same. This court said:

"The subject-matter of both actions was the same, and the fact that in the present action defendants are sued both in their individual and representative capacity did not render such testimony inadmissible. The parties are the same"—citing to support this view Boyd v. U. S. Mortgage Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599, 10 Ann. Cas. 146, and Deering v. Schreyer, 88 App. Div. 457, 85 N. Y. Supp. 275.

The case which I have quoted is not, of course, exactly parallel with the present, but it is of value in the consideration of the question now before us, because it served to illustrate the disposition of the courts to give to section 830, Code Civil Procedure, a liberal and reasonable, rather than a narrow and technical, construction. The admissibility in general of evidence given on a former hearing of the same subject-matter between the same parties did not originate with the Code, but existed at common law long before a Code of Procedure was dreamt of. "The fundamental ground upon which evidence given by a witness who afterwards dies may be read in evidence on a subsequent trial is that it was taken in another proceeding where the parties against whom it is offered, or their privies, have had both the right and the opportunity to cross-examine the witnesses as to the statement offered." Young v. Valentine, 177 N. Y. 347–357, 69 N. E. 643, 646. This foundation clearly existed in the present case.

That the evidence falls within the intention of the Code provision above quoted becomes even more apparent when we consider the nature of the two actions. As has been already said, the persons who would be entitled to share in a recovery of damages for the death of Jacob Cohen are the same persons entitled to share in a like recovery for the death of Ida Cohen. So that Zipe Cohen was not only plaintiff in both actions, but she represented in both the same persons.

[2] An action for damages for death was unknown at common

law, and is solely the creation of statute. The cause of action is no part of the assets of decedent's estate, and the damages become no part of the estate, but are exclusively for the benefit of the decedent's husband or wife or next of kin. Stuber v. McEntee, 142 N. Y. 200, 36 N. E. 878. That, in this state, the statute gives the right to sue for such damages to an executor or administrator, is purely fortuitous, and was provided merely as a matter of convenience. It might equally have been left to the next of kin to sue, as it is in some states. If it had been so left, the cause of action would have been the same, and the recovery would have benefited the same persons. In that case, the next of kin being identical, there could be do doubt that evidence upon a subject-matter common to both actions given on the trial of an action for damages for the death of one son or brother could be used on the trial of a subsequent action for damages for the death of another son or brother killed by the same accident. The present case is no different in any essential particular. We are therefore of the opinion that the evidence of the deceased flagman was admissible, and that it was error to strike it out. The evidence was of such a character that its exclusion may have seriously prejudiced the defendant. Upon this ground alone, therefore, without considering the other exceptions, we are constrained to reverse the judgment and order appealed from, and grant a new trial, with costs to appellant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur. LAUGHLIN, J., dissents, and votes for affirmance.