(94 Misc. Rep. 334)

PROFITOS et al. v. COMERMA.

(Supreme Court, Appellate Term, Second Department.   March, 1916.)

1. COURTS ☞189(7)—COMPLAINT—AMENDMENT—CONFORMITY TO PROOF.
   Where a complaint in the Municipal Court alleged that building blocks were sold and delivered to defendant at his instance and request, while the proof showed that defendant secured possession of them on the pretense that he was going to sell them to a man shown to be nonexistent, and did sell them to one to whom he represented that he was the owner, the complaint can be conformed to the proofs, and defendant *held* liable.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 413, 429; 458; Dec. Dig. ☞189(7).]

2. APPEAL AND ERROR ☞1050(1)—PREJUDICIAL ERROR—ADMISSION OF TESTIMONY—MATERIALITY.
   Where defendant procured building blocks from plaintiff, and represented that he was going to sell them to T., and at the trial insisted he had done so, while plaintiff contended that defendant sold them to K., representing they were his own, the testimony of K., given at another hearing, was material, though the only fact to which he alone testified was that defendant represented to him, when he sold the blocks, that plaintiff had given them to defendant in payment of a pre-existing indebtedness, and there was evidence that defendant represented that he was going to sell the blocks to T., and did sell them to K.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157; Dec. Dig. ☞1050(1).]

3. EVIDENCE ☞577½—FORMER TESTIMONY—"SAME PARTIES."
   Under Code Civ. Proc. § 830, providing that, where a witness has died since the trial of an action, his testimony taken at the former trial may be given in evidence upon any subsequent trial of the same subject-matter in the same or another action or special proceeding between the same parties to such former trial by either party to the new trial, evidence of a witness since deceased, given before the magistrate at a hearing on a complaint charging defendant with having feloniously taken certain building blocks from complainant's premises, is admissible in a civil action to recover the value of those blocks from defendant; the two actions

involving the "same parties," though in a limited sense the people were parties plaintiff in the criminal action.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2410; Dec. Dig. ☞577½.

For other definitions, see Words and Phrases, First and Second Series, Same Parties.]

4. EVIDENCE ☞579—FORMER TESTIMONY—IDENTITY OF SUBJECT-MATTER.

To render former testimony of a deceased witness admissible, it is not necessary that the causes of action shall be identical, it being sufficient to show that the issues are so similar as to render it probable that the parties had a fair opportunity for cross-examination as to facts offered on the subsequent hearing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2412; Dec. Dig. ☞579.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by John Profitos and another against John Comerma. From a judgment for the plaintiffs, and an order modifying the judgment by adding interest thereto, the defendant appeals. Affirmed.

Argued March term, 1916, before KAPPER, BLACKMAR, and CALLAGHAN, JJ.

Frank F. Kirkpatrick, of New York City, for appellant.
Clarence R. Freeman, of New York City, for respondents.

KAPPER, J. [1] The plaintiffs have succeeded in the court below in charging the defendant with the value of some building blocks manufactured by the plaintiffs. The complaint alleges that they were delivered and sold to the defendant at his instance and request. The evidence fully established that the defendant became possessed of these building blocks under the pretense that he was going to sell them to a man named Thompson, who the testimony warrants the conclusion never existed, when as a matter of fact he actually sold them to one Kahn, representing to the latter that he, the defendant, was the owner. Conforming the complaint to the proofs, the defendant has been rightly held for the value of the blocks.

[2] The single question which permits the writing of an opinion is the appellant's contention, that the evidence of a deceased witness, who testified in a prior criminal proceeding instituted upon the complaint of the plaintiffs before a police magistrate, was erroneously received. The deceased witness referred to was Kahn, who purchased the blocks from the defendant, as above indicated, and as to whose purchase thereof there was abundant testimony, quite independent of the evidence herein received as given by Kahn upon said hearing. The criminal charge, which the plaintiffs were advised by counsel to make against the defendant, was that he had taken these blocks from deponent's premises, and that the complainants suspected that said property was feloniously taken by the defendant. Upon the hearing before the magistrate, the only thing that Kahn testified to that is not otherwise testified to on this trial by living witnesses was that the defendant, when he sold him the building blocks, represented that the

plaintiffs had given them to him in payment of a pre-existing indebtedness. Although there was ample other evidence to show that the defendant obtained these building blocks from the possession of the plaintiffs, the owners, by representing that he was going to sell them to Thompson, when as matter of fact he had sold them to Kahn, still it may be that the trial court here considered that Kahn's evidence, given before the magistrate, that defendant told him that the plaintiffs had given him these blocks in payment of a pre-existing debt, may have had some effect upon the conclusion reached that the defendant actually disposed of the blocks to Kahn, and not to Thompson, as he still persisted in claiming on this trial.

[3] The question is therefore presented whether the testimony of the deceased witness Kahn, under these circumstances, was permissible under section 830 of the Code of Civil Procedure, which, so far as material, is as follows:

"Where a * * * witness has died * * * since * * * the trial of an action, * * * the testimony of the decedent * * * taken * * * at the former trial or hearing * * * may be given or read in evidence * * * upon any subsequent trial or hearing * * * of the same subject-matter in the same or another action or special proceeding between the same parties to such former trial or hearing or their legal representatives, by either party to such new trial or hearing. * * *"

We have no difficulty in deciding that this trial involved "the same subject-matter" that was presented on the hearing of the criminal charge. The one question of doubt is whether this action may be considered to be between the "same parties" as those in the criminal prosecution. The only suggestion to the contrary is that in a criminal action the people of the state are plaintiff. In so far as concerns the criminal prosecution here shown, that is so only in the most limited sense, as a warrant of arrest to bring one accused of crime before a magistrate is not a criminal action, but is a proceeding instituted solely upon an information, and in this case that of these plaintiffs as complainants. Concerning the effect of section 830, supra, of course the defendant here is the same as the defendant before the magistrate. There is no dispute but that Kahn is dead, and that he testified upon the hearing of the criminal charge. There is no dispute but that the complainants there and the plaintiffs here are the same, and likewise that the subject-matter is the same, namely, defendant's possession and title or right of disposition of the building blocks.

[4] It is not necessary that the causes of action shall be identical, but only that the subject-matter to which the evidence relates shall be the same. Cohen v. Long Island Railroad Co., 154 App. Div. 603, 606, 139 N. Y. Supp. 887. In the case cited the plaintiff sought damages as administratrix of her deceased daughter, whose death was alleged to have been occasioned by the negligence of the defendant. Defendant offered in evidence the testimony given by one of its employés on a trial brought by the same administratrix, as such, of her deceased son, whose death was alleged to have been occasioned in the same accident. That evidence was excluded, and it was held error.

Mr. Justice Scott, who wrote for the court, quoted from Pratt & Co. v. Tailer, 135 App. Div. 1, 119 N. Y. Supp. 803, and added:

"The case which I have quoted is not, of course, exactly parallel with the present; but it is of value in the consideration of the question now before us, because it serves to illustrate the disposition of the courts to give to section 830 of the Code of Civil Procedure a liberal and reasonable, rather than a narrow and technical, construction. The admissibility in general of evidence given on a former hearing of the same subject-matter between the same parties did not originate with the Code, but existed at common law long before a code of procedure was dreamed of."

Nor does the appellant make any claim upon appeal, nor did he contend upon the trial, or even suggest, that he did not have both the right and opportunity of cross-examining the witness Kahn as to the facts which were offered on this trial, as testified to by Kahn on the hearing before the magistrate. It was said in Young v. Valentine, 177 N. Y. 347, 357, 69 N. E. 643, 646, that:

"The fundamental ground upon which evidence given by a witness, who afterwards dies, may be read in evidence on a subsequent trial, is that it was taken in an action or proceeding where the parties against whom it is offered or their privies have had both the right and the opportunity to cross-examine the witness as to the statement offered."

And in the Cohen Case, supra, 154 App. Div. 607, 139 N. Y. Supp. 889, this statement of the law is approvingly referred to, and it was added that "this foundation clearly existed in the present case." It is said in Chamberlayne's Evidence, vol. 2, § 1660, that it is sufficient to show that the issues in the two cases are so similar "as to render it probable that the party or his privy had a fair opportunity for cross-examination as to the facts offered on the subsequent hearing," and that "this is the essential point." The learned author further says (supra, § 1675):

"Much diversity in less important respects is deemed immaterial, provided only the substantial similarity of the issues on which the evidence was given is firmly established. For example, the subsequent pleadings may have been changed by amendment, or it may even happen that the form of the respective actions has since been much more radically altered. *The first case may have been a criminal complaint, the second a civil action*, or *vice versa*." (Italics mine.)

In his note, in support of the statement that the first case may have been a criminal complaint and the second a civil action, the author quotes from Charlesworth v. Tinker, 18 Wis. 633, 635, as follows:

"The admissibility of such evidence seems to turn on the right to cross-examine, rather than on the precise identity of the parties."

We have reached the conclusion that the evidence given by Kahn, now deceased, on the hearing of the criminal charge made by the plaintiffs against the defendant, was admissible in this action as testimony of a deceased witness taken at a former hearing of the same subject-matter, within the scope and intention of section 830 of the Code of Civil Procedure, and that it was not error to admit it.

The order appealed from, which amended the judgment nunc pro tunc by adding interest to the claim, presents no question which need be discussed.

The judgment and order are affirmed, with $25 costs.

BLACKMAR, J., concurs. CALLAGHAN, J., concurs in the result.