J. JOHN HASSETT, Appellant, Respondent, *v.* J. ARNOT RATHBONE
and ALEXANDER D. FALCK, as Administrators with the Will
Annexed of HARRIET ARNOT RATHBONE, Deceased, and Another,
Respondents, Appellants.

Third Department, January 20, 1923.

Judgments — res judicata — judgment in prior action in favor of defend-
ants on alleged contract of employment to make plaintiff equal owner
in business — subsequent action on contract to give plaintiff one-half
of proceeds of business and of sale thereof not barred by former judgment
where plaintiff not permitted to show, in prior action, any contract
evidence might disclose — evidence given by plaintiff in first action
admissible under Code of Civil Procedure, § 830 (now Civ. Prac. Act,
§ 348), where one of defendants has died in meantime.

A judgment in favor of the defendants in a prior action brought by the present plain-
tiff on an alleged contract whereby the defendants agreed to make the plaintiff
equal owner in their business in consideration of his undertaking to manage the
business, is not a bar to the present action based on an alleged contract whereby
the plaintiff was to receive, in consideration for his management of the same
business, one-half of the proceeds of any sales of property, a yearly salary,
and one-half of the proceeds of the sale of the business, where it appears that
on the trial of the former action the court refused to broaden the inquiry to
cover any contract that the evidence might reveal upon the ground that any
other contract was not within the pleadings.

Testimony given by the plaintiff on the trial of the former action is admissible
under section 830 of the Code of Civil Procedure (now Civ. Prac. Act, § 348),
where one of the defendants has died in the meantime, since it relates to the
same subject-matter; it is not necessary for its admission that the causes of action
should be identical.

CROSS-APPEALS by the plaintiff, J. John Hassett, and by the
defendants, J. Arnot Rathbone and others, from an interlocutory
judgment of the Supreme Court, entered in the office of the clerk
of the county of Chemung on the 17th day of October, 1921, upon
the decision of the court, rendered after a trial at the Chemung
Special Term, directing an accounting and appointing a referee to
take and state the same.

*James O. Sebring* and *J. Walter Heffernan* [*Randall J. Le Boeuf*
of counsel], for the plaintiff.

*Stanchfield, Collin, Lovell & Sayles* [*Frederick Collin* of counsel],
for the defendants.

HASBROUCK, J.:

The plaintiff sued Harriet Arnot Rathbone and T. Briggs & Com-
pany in 1915 on an alleged contract that in consideration of plain-

tiff's undertaking and devoting himself to the management of a brewery business conducted under the name of T. Briggs & Company, a corporation, said defendants would make him an equal owner with Harriet Arnot Rathbone and Elizabeth H. Arnot of the real and personal property, business and indebtedness of said corporation.

Issue was joined and the case was tried on a question framed on the above alleged contract to be answered by a jury. At the close of the trial the court directed a verdict against the plaintiff. Judgment was entered on the verdict and findings of the court and remains undisturbed.

In 1918 the plaintiff brought the present action against the same defendants on an alleged contract that for undertaking and devoting himself to the management of the brewery until such time as the stock, property and business of the corporation were sold, plaintiff should have one-half of the proceeds of any sales of property, one-half of the indebtedness and the interest thereon, a $5,000 yearly salary, and upon a sale, half of the proceeds thereof including the indebtedness.

The answer contained a denial of the making of any such contract, a plea that if such there were it was within the Statute of Frauds; that any such cause of action was barred by the Statute of Limitations and that the matter was *res adjudicata* by virtue of the judgment in the former action. The trial court found that there was an agreement, not that alleged, by which in consideration of plaintiff's services defendant Harriet A. Rathbone agreed to pay him $5,000 a year, one-half the current net income and profits in actual dividends or in the form of interest on the indebtedness of the defendant corporation to Mrs. Rathbone, and that such agreement had been broken by the failure of defendant Rathbone (who died after the action was commenced) to pay the net income including interest on the indebtedness since February 2, 1915. A judgment was given for the plaintiff for the unpaid salary and half of the net income and for the defendants for loans and advances made by T. Briggs & Company to the plaintiff remaining unpaid. Both plaintiff and defendants have appealed.

I think it only necessary to consider the questions whether the judgment in the first action constitutes the estoppel of record called *res adjudicata* and whether error was made in the receipt of the testimony of the plaintiff given on the trial of the first action.

The issue in the first action was narrowed on the motion of the defendants to the determination of a question framed by the court. The court refused to have the inquiry broadened to cover any contract that the evidence revealed upon the ground that

any other contract was not within the pleadings. This exclusion was the result of the efforts of the defendants.

The general rule relied upon by the defendants is as laid down in *Beloit* v. *Morgan* (7 Wall. 619), that a judgment constitutes a bar "'in respect of a matter which might have been brought forward as a part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence or even accident, omitted a part of their case.'" The plaintiff here, finding that the testimony did not warrant the finding of half ownership by virtue of the contract testified to, tried to amend the complaint. There was no negligence, inadvertence or accident. There was the law with its call of delay and for two trials where one should have sufficed. The plaintiff in the first action not only did not have his day in court on the contract found in the second action but he was robbed of his opportunity to have it tried in the first action. The rule which should apply is well expressed in volume 2, section 618, of Black on Judgments (2d ed.), quoting from *Fifield* v. *Edwards* (39 Mich. 264): "There can be no bar if the demand to which by their evidence the parties directed the attention of the court, and which the court rejected, was not within the issue and consequently could not have been allowed. The estoppel does not depend upon technicalities, but rests in broad principles of justice, and it can apply only when the party has had his day in court and an opportunity to establish his claim."

The case at bar is similar in the main to the case of *Norton* v. *Huxley* (13 Gray, 285), in which the Supreme Court of Massachusetts says of two actions: "It is true that both originated in the same series of transactions, and in the conversations and communications which took place between the parties concerning them. But the result of the former suit shows that the plaintiff there wholly mistook the effect of what was said by the defendant, and so failed to establish the claim which he then attempted to enforce."

In the case at bar in which the testimony on the first trial was introduced, the evidence of the plaintiff was that what Mrs. Rathbone said: "they would give me one half of everything that was gotten out of it." As testified to by Mabel L. Loomis and Mrs. Hassett, Mrs. Rathbone said: "$5,000 a year and one-half of everything he can get out of it." The determination on the first trial was that that language did not contemplate conferring a half ownership of the property upon the plaintiff. He "mistook the effect of what was said by" Mrs. Rathbone.

*Norton* v. *Huxley* upon the point in question has been quoted from and approved by our Court of Appeals in *Marsh* v. *Masterton* (101 N. Y. 408).

We have not overlooked the defendants' objection to the introduction of plaintiff's evidence given in the other action. It is claimed that this evidence is incompetent for the reason that it was not given on any former trial involving the same subject-matter. By the plaintiff it is claimed to be admissible under the provisions of section 830 of the Code of Civil Procedure.* That section, among other things, provides: " * * * the testimony * * * of any person who is rendered incompetent by the provisions of the last section, taken or read in evidence at the former trial or hearing, or at the same trial or hearing, either in court or before the same or a new referee, together with all exhibits and documents read in evidence in connection with, or as a part of the giving of such testimony, may be given or read in evidence at a new trial or hearing or at a continuation of the same trial or hearing either in court or before the same or a new referee, or upon any subsequent trial or hearing, either in court or before the same or a new referee, of the same subject matter in the same or another action or special proceeding between the same parties to such former trial or hearing or their legal representatives, by either party to such new trial or hearing, or to such continuation of the same trial or hearing either in court or before the same or a new referee, or to such subsequent action or special proceeding either in court or before the same or a new referee, subject," etc.

The question on the plea of *res adjudicata* was whether the first judgment was a bar to the second action. We have pointed out that it was not. The first and second actions did not involve the same particular causes of action. The contract alleged in the first action was very unlike that alleged in the action at bar. While we have held the contracts dissimilar we have not held that the first trial did not involve the subject-matter of the second action. The subject-matter as we regard it was the contractual relation. Subject-matter constitutes the general question.

It " is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question." (*Hunt* v. *Hunt,* 72 N. Y. 229.)

Again: " It is as extensive as the general or abstract question which falls within the power of the tribunal * * * to act concerning." (*Lange* v. *Benedict,* 73 N. Y. 27.)

It can thus be seen that the general abstract thing or contractual relation between the parties was within the power of the judicial forum in both actions, though in each complaint a different cause of action was stated.

---

* Now Civ. Prac. Act, § 348.— [REP.

If then the same subject-matter was involved in the first action and in the second action then the testimony of the plaintiff given in the first action may not lawfully be excluded for the reason that there was not in both of the actions the same subject-matter involved. The rule applicable to the case at bar is that it is not necessary that causes of action should be identical in order that evidence used on a former trial may be used on a subsequent one, " but only that the subject-matter to which the evidence relates shall be the same." (*Cohen* v. *Long Island R. R. Co.*, 154 App. Div. 606; *Deering* v. *Schreyer*, 88 id. 463; *Profitos* v. *Comerma*, 94 Misc. Rep. 334; *Young* v. *Valentine*, 177 N. Y. 356; *Taft* v. *Little*, 178 id. 127.)

Where it has been undertaken to use the testimony of a witness who has deceased since the first trial the test seems to be the right to cross-examination. (*Young* v. *Valentine, supra; Profitos* v. *Comerma, supra; Deering* v. *Schreyer, supra.*)

The deceased here whose death has closed the mouth of the plaintiff as a witness, by virtue of the provisions of section 829 of the Code of Civil Procedure,* had the opportunity in the first action of cross-examination and had the advantage of it. She had too the opportunity to contradict it if she chose. Plaintiff's testimony so given in the first action was either regarded as true or defendant's testatrix was advised it was so innocuous as not to require contradiction.

Though the power of the defendants to contradict may be lost, it is but a speculation that defendants' testatrix if she had lived, would have given contradictory testimony to that of the plaintiff given in the first action in the instant case.

Since the evidence was subjected to the test of cross-examination it appears that it was properly admitted by the trial court.

Whether admitted or rejected it is plain that the decision of the court in the case at bar was based upon evidence other than that of the plaintiff.

The decision clearly rests upon the division made by defendants' testatrix of certain receipts of income between herself and the plaintiff. Such division was made up to about February 1, 1915, preceding the plaintiff's discharge by her on October fifth.

The order and interlocutory judgment should be affirmed, without costs.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Judgment and order unanimously affirmed, without costs.

* Now Civ. Prac. Act, § 347.— [REP.