Michael Catalano, J.
Defendants, J. Bussell Bogerson, individually and as executor and trustee under the last will and testament of Geraldine G. Bellinger, deceased, and as executor and trustee under the last will and testament of Marion B. Gebbie, deceased, Phelps Can Company, Burton N. Lowe, Rita R. Lowe, Lyman C. Wynne, Adele R. Wynne (“ Applicants ”), apply for a judgment dismissing the cross claim of defendant, Louis J. Lefkowitz, Attorney-General of the State of New York (“ Lefkowitz ”) pursuant to CPLR 3211 (subd. [a], par. 7) for insufficiency.
This action was commenced by the service of a summons and verified complaint on October 31, 1968, personally, within the State of New York, upon Lefkowitz, named a defendant herein, and upon all of the other defendants at a later time.
This action was brought by the Gebbie Foundation, Inc., (“ Gebbie ”), a New York membership corporation and charitable foundation, which is the legatee of the remainder of the entire residuary estate of one Marion B. Gebbie, deceased (“ Marion ”) and the legatee of one third of the residuary estate of one Geraldine G. Bellinger, deceased (“ Geraldine ”) against the defendants (other than Lefkowitz) in individual and fiduciary capacities, for a judgment based upon self-dealing and profiting; the plaintiffs’ complaint alleging self-dealing and profiting in connection with the sale of 125 shares of stock of the defendant, Phelps Can Company (“ Phelps ”) from each .of the estates of the aforesaid decedents, and demanding that the defendants be declared constructive trustees, account, and pay over to the estates their proper share and/or the aforesaid shares of stock.
Lefkowitz was made a party in this action in his capacity as representative of the ultimate charitable beneficiaries herein, to wit, the ultimate beneficiaries intended to be benefited by the corporate charter of the plaintiff, Gebbie, and as such Lefkowitz’ representation herein as sole representative of the beneficiaries of the plaintiff is allegedly distinct and independent from that of Gebbie itself.
Issue was joined on behalf of Lefkowitz on November 18, 1968 by service of an answer and issue has not been joined between *946 the plaintiff and the other defendants inasmuch as plaintiff has granted the other defendants time within which to do so.
November 22, 1968, Lefkowitz moved to amend his answer in order to cross-claim against the other defendants. At that time, Rogerson was a member, director and president of Grebbie.
April 29, 1969, Mr. Justice Nevins of the Supreme Court rendered his decision, 'granting permission to Lefkowitz to cross-claim.
In his memorandum decision dated May 14, 1969, Mr. .Justice Nevusts stated:
‘ ‘ It would be an anomaly of the law that the Attorney-General ’s duty to ‘ shepherd ’ charitable trusts (Matter of Lachat, 184 Misc. 492; St. Joseph’s Hosp. v. Bennett, 281 N. Y. 115) and give him the power to demand that the trust be devoted to its charitable purposes (Matter of James, 22 Misc 2d 1062; Matter of Hamilton, 296 N. Y. 578) but deny him the power .to participate and seek relief as sought in the cross claim as set forth in the proposed amended answer.” His decision continued:
“ Upon an application to serve an amended answer which contains a cross claim, a possible affirmative defense such as res judicata should not be considered, but should be more properly left to a separate motion to dismiss after its interposition into the action. ’ ’
In a related matter, Lefkowitz had on October 30, 1968, commenced a proceeding in Surrogate’s Court, Chautauqua County, to vacate accounts previously settled by Rogerson with respect to the Gebbie estate. In this proceeding, Rogerson argued that Lefkowitz could only so proceed directly if Lefkowitz made the allegations necessary for a derivative suit, that is, that Gebbie had failed to protect the charitable interests involved. In a decision dated May 20, 1969, Surrogate Phillips decided that Lefkowitz could proceed directly against Rogerson.
On appeal from Surrogate Phillips’ order, the Supreme Court, Appellate Division, Fourth Department (decision filed February 12,1970, 33 A D 2d 1093) held that:
“We agree with appellant Rogerson that the Attorney-General in his capacity as supervisor of charitable trusts (EPTL, art. 8) has no direct right to sue in behalf of a charitable trust such as the Gebbie Foundation, Inc., and has only a derivative right which he may pursue upon alleging that the trustee of such trust, namely the Gebbie Foundation, Inc.,, has failed to act to protect the rights of the beneficiaries of the trust after, notice and demand for action therefor (see Riviera Congress Assoc. v. Yassky, 18 N Y 2d 540, 547; Western R. R. Co. *947 v. Nolan, 48 N. Y. 513, 517-518; 4 Scott on Trusts (3d ed.), §§ 281, 282.1, 393). The petition lacks such allegations, and so the Attorney-General has no standing to institute this proceeding.”
A notice of motion dated March 9, 1970, returnable March 24, 1970, has been served and filed by Lefkowitz in his application for an order in the Appellate Division, Fourth Department, pursuant to CPLR 5602 (subd. [a], par. 2) granting him leave to appeal to the Court of Appeals.
The rights of beneficiaries of an express trust are derivative, not direct, so that:
“As long as the trustee is ready and willing to take the proper proceedings against the third person, the beneficiaries .cannot maintain a suit against him.” (4 Scott, Trusts [3d ed., 1967], § 282, p. 2336. See, also, Western R. R. Co. v. Nolan, 48 N. Y. 513, 518 [1872].)
The whole controversy can be settled in one suit, since the beneficiaries may join thg third person as a codefendant with the trustee, thereby avoiding the need for two suits. (4 Scott, Trusts [3d ed., 1967], § 282.1, p. 2339.) "When the trustee is not within the court’s jurisdiction, or is dead, or ceases to be trustee without the appointment of a successor, the beneficiaries can sue the third person directly. (Ettlinger v. Persian Rug & Carpet Co., 142 N. Y. 189 [1894]; 4 Scott, Trusts [3d ed., 1967], § 282.2, ppl 2340-2341.)
‘ ‘ "Where a testator makes a bequest upon a charitable trust, the trustees can maintain, a suit against his personal representatives to recover the property bequeathed to them” (4 Scott, Trusts [3d ed., 1967], § 393, p. 3017).
“ In all cases of bequests to charitable uses, where the beneficiaries are not definitely designated, that court [the supreme court] shall have full control, and it shall be the duty of the attorney-general to enforce the trust and represent the beneficiaries.” (Dammert v. Osborn, 140 N. Y. 30, 43 [1893].)
The Attorney-General has opined that:
‘‘ If the beneficiaries are definite, the interest in the trust vests in them and consequently they may protect their rights without the assistance of the Attorney-General.” (1934 Atty. Gen. [Inf. Opns.], 51 N. Y. St. Dept. Rep. 295, 296. See, also, Nicolson v. Allen, 99 N. Y. S. 2d 774, 775-776 [Sup. Ct., 1950] ; Sherman v. Richmond Hose Co., 230 N. Y. 462, 467 [1921].)
Here, Lefkowitz states in the opening sentence of his amended answer that he 11 has appeared in this action as the sole inherent and statutory representative of the ultimate, indefinite and uncertain beneficiaries of gifts, grants, devises and bequests *948 for religions, educational, charitable or bénevolent uses or purposes pursuant to Article 8, Estates, Powers and Trusts Law ”.
Nevertheless, the wills named a proper corporate charity as the trustee. Since Grebbie is a co-operative trustee with full capacity to act, it should be permitted to act for itself and its beneficiaries.
As Chief Judge Cardozo so classically said: “ A judgment in one action is conclusive in a later one not only as to matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first”. (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 306-307. Followed: Statter v. Statter, 2 N Y 2d 668, 673.)
As between Bogerson and Lefkowitz, the parties and issues were the same, so that the latter is prohibited by res judicata from relitigating the same issues resolved by the Appellate Division. (Hassett v. Rathbone, 204 App. Div. 229, 231 [3d Dept., 1923].) As between Lefkowitz and the other applicants, he is collaterally estopped by the same Appellate Division ruling. (Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590, 595 [1958]; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 306-307, supra [1929]; Matter of Sheridan Constr. Corp., 22 A D 2d 390 [4th Dept., 1965], affd. 16 N Y 2d 680 [1965].)
‘ ‘ The attorney general may institute appropriate proceedings to secure compliance with this section and to secure the proper administration of any trust, corporation or other relationship to which this section applies.” (EPTL 8-1.4, subd. [m].) Therefore, Lefkowitz remains as a proper party to this proceeding although his cross claim be dismissed as insufficient. (See Matter of Gebbie, 33 A D 2d 1093, supra [4th Dept., Feb. 12, 1970].)
When a prior adjudication becomes controlling in a proceeding in a court of co-ordinate jurisdiction, it remains controlling in such court, and if no appeal is taken from the prior adjudication, it is conclusive as the “ law of the case.” (Sears, Roebuck & Co. v. 9th Ave. — 31st St. Corp., 274 N. Y. 388; Williams v. Board of Trustees, 210 App. Div. 161, 162 [4th Dept., 1924].)
Here, the decision of Mr. Justice Nevihs is the law of the case. Yet, the Nevins order granting Lefkowitz leave to serve an amended answer does not bar this motion to dismiss. The former issue concerned Lefkowitz’ standing under CPLR 3211 *949 (subd. [a], par. 3); the present issue involves the sufficiency of his cross claim according to CPLR 3211 (subd. [a], par. 7).
The Lefkowitz amended answer alleges that he is a stranger to the facts contained in the complaint, except to matters of public record; he admits each and every allegation in the complaint, except that he denies having knowledge or information to form a belief as to paragraph 27 of the complaint; he prays for a judgment “ granting the relief requested by the plaintiff in its complaint; ” and declaring certain sales void, named persons constructive trustees, directing them to account; in substance, the cross claim echoes the complaint.
The Lefkowitz’ cross claim does not allege that trustee, Gebbie, has failed to act to protect the rights of the beneficiaries of the trust after notice and demand for such action, or that Gebbie has in any way lost its direct right to sue in its own behalf, or that any derivative right has accrued to him to sue for the benefit of a particular indefinite or uncertain beneficiary who is not a party to or represented in this action.
Motion granted, without costs.