RALPH TRAITELL, Appellant, v. WILLIAM LIVINGSTON, Doing Business as HOSECRAFT HOSIERY MILLS, Respondent.— In an action to recover commissions over and above salary actually paid and received, an affirmative defense alleges that the sum sued for represents an increase in earnings, the payment of which without approval of Federal agencies is violative of the provisions of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), as amended, and as supplemented by Executive Orders and departmental regulations. Order granting defendant's motion for summary judgment, and the judgment entered thereon, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ.

JAMES TURNER, as Administrator of the Estate of MARY TURNER, Deceased, Respondent, v. SUNSHINE TAXI CORPORATION, Appellant.— Action to recover damages for the death of plaintiff's intestate caused by collision with appellant's taxicab. Judgment, entered on the verdict of a jury in favor of plaintiff, reversed on the law, and a new trial granted, costs to abide the event. Inasmuch as the evidence of alleged negligent operation, and causal connection thereof with the accident, is meager, errors in rulings cannot be disregarded. It was not competently proved that the witness Hines was out of the State, and hence no basis was laid for ruling upon whether or not his testimony in the Magistrate's Court could be admitted under section 348 of the Civil Practice Act. However, had such fact been competently proved, it appears that the testimony would not be admissible because the appellant was not a party to the other proceeding and did not have the right and opportunity to cross-examine the witness. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

RALPH M. VERNI, as Administrator of the Estate of MICHAEL J. VERNI, Deceased, Appellant, v. EVALD JOHNSON, Respondent.— Action to recover damages for the death of appellant's intestate by reason of defendant's alleged negligent operation of an automobile. Judgment in favor of defendant, entered on the verdict of a jury, unanimously affirmed, without costs. The plaintiff failed to establish any negligence on the part of the defendant, hence it is not necessary to pass on the alleged errors. Present — Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ. [See *post*, p. 1050.]