SILAS H. CLARK, Plaintiff, *v.* ALBERT HINZMANN et al., Copartners Doing Business under the Name of HINZMANN AND WALDMAN, Defendants.

Supreme Court, Special Term, Kings County, November 21, 1945.

*Arthur Schneider* for defendants.

*Martin Koeppel* for plaintiff.

HALLINAN, J. In an action for breach of a written contract of employment, pursuant to which plaintiff claims to be entitled to a share of the profits made by the defendants in the conduct of their business, the latter have moved pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. It is their contention that the complaint is defective because it fails to plead specifically that plaintiff's salary, as provided in the agreement, was approved by the Salary Stabilization Unit of the Treasury Department.

I am of the opinion that the complaint is sufficient without pleading affirmatively in the first instance the approval by the Salary Stabilization Unit. The lack of such approval should be pleaded by way of defense in the answer, with appropriate allegations showing the applicability to the contract upon which the complaint is predicated of the salary stabilization provisions as supplemented by Executive Orders and departmental regulations. (Cf. *Traitell* v. *Livingston*, 269 App. Div. 997.) The motion is accordingly denied with leave to the defendants to serve their answer within ten days of the service of the **order** hereon with notice of entry. Submit order.