■　SOLOMON GUBER, Individually and as Administrator of the Estate of DANIEL GUBER, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 43657.) — HERLIHY, J. Appeal from a judgment of the Court of Claims awarding damages to the claimant. The decedent Daniel Guber,

age 14, was a patient at the Rockland State Hospital and had been for a number of years prior to the accident. On January 26, 1964, while walking in one of the public corridors of the institution, the said patient was caused to fall, either as a result of being forcibly bumped by another patient or slipping on a wet spot on the floor or a combination of both happenings. The court without making any specific findings in its decision stated: "The State owes a duty of care to persons placed in its sphere of control, commensurate with the patient's ability and general awareness. (*Weihs* v. *State of New York,* 267 App. Div. 233; *Shattuck* v. *State of New York,* 166 Misc. 271, affd. 254 App. Div. 926.) Failure to prevent a dangerous condition or to remove an existing hazard either of which is reasonably foreseeable is a breach of this duty. The Court believes, and so finds, that the State did breach the duty of care, that this omission constitutes negligence and that the death of Daniel Guber was a consequence thereof." Whether the findings connote a bumping by a fellow patient or a wet spot on the floor, or both, the court cannot decide and, under the circumstances and proof, will not speculate. In any event, the proof in the record does not support a finding of negligence against the State. The mere bumping, forcibly or not, of a fellow patient where there was a large congregation of people, such as here, cannot be a predicate for negligence and there is no support in the record that the patient doing the bumping was violent or aggressive. Likewise, the proof as to the wet spot on the floor is vague and indefinite. The court realizes the problems involved and recognizes that in a death case the requirements as to proof need not be the same as in other actions. Nevertheless, there is no showing that sufficient time elapsed or that the notice to the attendant, if given, was such as to afford an opportunity to correct the situation. The proof offered is replete with variances and vagaries as to the happening of the events leading to the fall and is not of such preponderance as to sustain the indefinite findings of the court. In other words, the proof does not support the finding that the State was negligent. While not necessary to our decision, we comment briefly on the admission of certain evidence. The testimony of a witness taken at an inquest, at the time of the trial allegedly living in Puerto Rico, was admitted into evidence over the objection of the State on the theory that the witness was unavailable. The State offered evidence to show that the witness was not competent to testify, all of which was thereafter excluded by the court. This was error. Furthermore, there was no opportunity to cross-examine the witness at the inquest and, on the present record, the admission of the prior testimony was error. The circumstances surrounding the decedent and the events at the time of the accident are unfortunate and create a sympathetic atmosphere, but sympathy and compassion alone are not sufficient to justify an award. Judgment reversed, on the law and the facts, without costs, and claim dismissed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Herlihy, J.