*73 OPINION OF THE COURT
Harold Hyman, J.
The present application made by plaintiff is for reargument and/or reconsideration of its application, made during the course of this lengthy trial, to allow plaintiff to read for evidentiary purposes in its case-in-chief, a certain deposition of one Lewis C. Smith, a nonparty witness, conducted in the United States District Court, Eastern District of New York, on November 10, 1982, pursuant to an order of a magistrate of said court dated September 27, 1981 and a subpoena duly served upon said witness during the course of pretrial disclosure in a companion Federal COUrt action, captioned as follows: [omitted for purposes of publication].
The initial application by plaintiff was based upon CPLR 3117 (subd [b]), yet the court sustained the strenuous objections to the reading of said depositions raised by the defendants General Electric Company and the Port Authority of New York and New Jersey. Upon request by the court that all parties brief the issue as to the use of a Federal court deposition in a companion State court action, plaintiff sought reargument and reconsideration, this time citing the second full provision (sentence) contained in CPLR 3117 (subd [c]), which provides in pertinent part as follows: “(c) Substitution of parties; prior actions * * * When an action has been brought in any court of any state or of the United States and another action involving the same subject matter is afterward brought between the same parties *** all depositions taken in the former action may be used in the latter as if taken therein.” (Emphasis added.)
At the outset, the court is puzzled as to why the above provision was included, or hidden by the Legislature under the caption “Substitution of parties; prior actions”, rather than set apart in a separate and distinct subdivision. Given the significance of such a rule and its impact on litigation, it might be suggested to the Legislature that it consider a change in the present statute. In any event, because of the importance plaintiff places upon the use of said nonparty witness’ deposition (and perhaps others similarly situated) *74 in presenting its case-in-chief, this court is of the opinion that the interests of justice demand reconsideration of plaintiff’s application.
Research on this issue has proven fruitless, there being no cases on the State court level directly on the subject.
Nevertheless, the New York State Law Revision Commission had placed before the 1982 and 1983 State Legislature a proposed revised Code of Evidence, wherein said commission’s memorandum relating to this codification and revision of the law of evidence states: “There is a pressing need for a revision, clarification and codification of the law of evidence. The effect of the Code of Evidence will be to substitute a clear, authoritative, systematic statement of the law of evidence for the present unsatisfactory state of the law.” (1982 Report of NY Law Rev Comm, McKinney’s Session Laws of NY, 1982, p 2319.)
Within the confines of such proposed evidentiary revisions, under the general heading — “Hearsay” — subdivision (b) of section 804 would provide as follows: “(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness, unless the declarant’s sources of information or other circumstances indicate lack of trustworthiness.” (Emphasis added.) Paragraph (2) of subdivision (b) provides in part: “(2) Former Testimony. Testimony given as a witness * * * or in a deposition taken in compliance with statute in the course of another case, at the instance of or against a party with an opportunity to develop the testimony by direct, cross, or redirect examination; with motive and interest similar to those of the party against whom now offered * * * Former testimony may be proved by an authenticated transcript or recording; if an authenticated transcript or recording cannot be obtained by the exercise of reasonable diligence, other evidence of the testimony may be admitted.” (Emphasis added.)
In the current CPLR 4517, one of the restrictions placed on the use of “former testimony” is that it had been “taken or introduced in evidence at a former trial” (emphasis added), a situation nonexistent in the case at bar. However, this section has given this court to interpret other *75 restrictions which may be enlightening in reaching a fair interpretation of CPLR 3117 (subd [c]), the provision now relied upon by the plaintiff.
It is the opinion of this court that certain elements must first exist, inasmuch as the subject witness was never a party to the present action or the Federal action in which he was deposed; neither was he an officer, director, member, managing or authorized agent, or employee of any party. The deponent witness was a former employee of the Federal Aviation Administration (hereinafter FAA).
CPLR 3117 (subd [a], par 3) provides:
“3. the deposition of any person may be used by any party for any purpose against any other party who was present or represented at the taking of the deposition or who had the notice required under these rules, provided the court finds :-í í-í
“(ii) that the witness is at a greater distance than one hundred miles from the place of trial or is out of the state.” (Emphasis added.)
The situation at bar satisfies this requirement in that the witness is a resident of the State of Vermont. Therefore, the element of unavailability may thus be resolved in favor of plaintiff.
The next issue to confront regards the position of the deponent vis-a-vis the Federal court action in which he was deposed. Clearly, the witness Smith falls within the term “any person”, specified under CPLR 3117 (subd [a], par 3), for in the Federal court he was deposed pursuant tc court order and following the issuance of a subpoena by the Port Authority, a party to both actions.
A necessary ingredient of CPLR 3117 (subd [c]) is that the other action be between the “same parties”. In the instant matter, while the United States of America is not a party, all of the other parties in this State court litigation are likewise involved in the Federal court action, together with the United States. The mere nonpresence of the United States as a party to the present State court action does not, in this court’s estimation, make the witness’ testimony inadmissible to primary usage in the present litigation in this State court.
*76 CPLR 3117 (subd [c]) also requires that both actions involve the same “subject matter”. As to this, we find precedent in examining CPLR 4517, where the identical verbiage is contained. To quote from Weinstein-Korn-Miller, New York Civil Practice (vol 5, par 4517:33): “ ‘[To] entitle evidence on a former trial to be read in a subsequent one it is not necessary that the causes of action shall be identical, but only that the subject-matter to which the evidence relates shall be the same.’ ” (Emphasis added; Cohen v Long Is. R. R. Co., 154 App Div 603, 606; Profitos u Comerma, 94 Mise 334.)
In considering the foregoing element, there is an inclusive requirement, that on giving the prior testimony there must have existed the opportunity of the presently objecting parties to cross-examine said witness, for a party cannot be deprived of the right to cross-examine his adversary’s witness. (Guber v State of New York, 31 AD2d 555; Monahan v Monahan, 29 AD2d 1046; Turner v Sunshine Taxi Corp., 269 App Div 997; Morley v Castor, 63 App Div 38, 40; Young v Valentine, 177 NY 347, 356-357.) If the opportunity to cross-examine was present, it is of no consequence that it was not exercised, for admissibility of prior testimony, whether in a former trial or deposition, does not depend on the actual act of cross-examination, but only on the fact that an adequate opportunity to cross-examine had existed and was available to the present objector; a failure to exercise such right is deemed a waiver. (Healy v Rennert, 9 NY2d 202, 208-209; 5 Wigmore, Evidence, § 1388.)
This opportunity to cross-examine is also dependent on there being a similarity of issues as to both actions to provide the examiner a similar motive and interest in pursuing a cross-examination of such witness; absent such motive and interest, the opportunity alone would be meaningless. There must exist within the issues therein presented the motivation to follow through with cross-examination in all its ramifications.
To aid this court in resolving the foregoing issue of motive, intent, and adequate opportunity to cross-examine, it was furnished with the Federal and State court pleadings, the prior proceedings filed in the subject action, and the deposition in question.
*77 The following facts are found to have existed at the time the deposition in question was conducted.
The actions in the Federal and State courts were then pending, issue on their pleadings having been drawn by the respective parties in both courts; all parties herein were being represented by counsel in both actions (except that the defendant United States of America was not a party defendant in this State court action).
By notice of motion dated August 25, 1981, the defendant Port Authority moved Special Term pursuant to CPLR 2201 to “stay this present State Court action” because of the pendency of the Federal court action; movant (Port Authority) contended that both actions were “the very same actions and covering the same issues and questions of law”. Plaintiff herein strenuously opposed said motion, stating and contending in part, in an affidavit sworn to on September 2, 1981: “The mere fact that both actions arise out of the same accident simply does not equate one with the other * * * the theories of liability and the defenses available to the defendants in the two actions are also different * * * no claim has been made by plaintiff against any of these defendants in the Federal Court action * * * A final determination or judgment in the Federal Court action would constitute neither res judicata nor collateral estoppel in the present action * * * the court should not penalize plaintiff by staying its action here against entirely different defendants than it is suing in the Federal Court * * * Clearly, then, staying plaintiff’s action in this court * * * would be an abuse of discretion.” (Emphasis added.)
At least in part, plaintiff’s position appears to have been adopted by the court before whom that motion was returnable, as indicated by the court’s denial of a stay. Plaintiff therefore was the only party to benefit from its position. In his decision, Justice Lerner stated:
“Where a stay is requested pending Federal litigation, the court must consider the extent to which issues overlap and whether more complete relief can be accorded by the Federal Court. (See Gallo v Mayer, 50 Misc 2d 285, affd 26 AD2d 773; Proctor & Gamble Distributing Co. v Lloyds Underwriters, 44 Misc 2d 872, 874.
*78 “Thus, where the disposition in the Federal Court will not be a complete resolution of the issues in the State Court, a stay would be inappropriate. (See Grand Central Building, Inc. v New York & Harlem RR Co., 59 AD2d 207, 209-11.” (Emphasis added.)
Curiously, plaintiff now takes a completely contrary view from that above quoted. It now contends that the “subject matter” is the same and that the parties who attended the deposition and participated therein were thus motivated by the same interests as exist in this case to conduct an adequate and exhaustive examination. This the defendants strenuously deny, contending that their motivation or interest during their cross-examination of Smith in the Federal court was never intended or considered towards an eventual use of such deposition in the State court action. To support this contention, the defendants point to a proposed stipulation during the course of the Smith deposition in which all parties, including the plaintiff, agreed that the deposition could be used in the State court action. Though the stipulation was subsequently revoked and rejected, defendants maintain that plaintiff’s participation therein demonstrated plaintiff’s knowledge that the deposition would not otherwise be admissible in State court absent such a stipulation.
One year after the denial of a stay, the Federal court deposition of nonparty witness Lewis C. Smith, a former employee of the FA A, was held and attended by all counsel.
In the opinion of this court, had plaintiff not taken the position it did on the motion to stay, the present application would be meritorious. Yet, by then holding to such position, plaintiff is now equitably estopped from taking a contrary view on the present application, which change in position, according to defendants, prejudices their rights in the State court action because they had neither the motive, interest nor intent to fully explore at the Federal court deposition all those areas of examination crucial to their present positions in the instant action. For this court to now hold that these defendants did in fact explore in full their respective defenses and claims herein at the Smith deposition, would lead to speculation and could also be viewed as countenancing the actions of a *79 litigant who, though unintentionally, changes its views to its own advantage while prejudicing the rights of its adversaries.
Moreover, the decision of Special Term (Lerner, J.) was rendered from a court of co-ordinate jurisdiction, and therefore must be viewed as the law of the case. The doctrine is a rule of comity or convenience which requires that a court of co-ordinate jurisdiction should not disregard an earlier decision on the same question in the same case. This rule aims to promote orderly litigation by avoiding a practice which “ ‘virtually amounts to an appeal from one Special Term to another Special Term for a review of the first order’ ”. (Burgundy Basin Inn v Watkins Glen Grand Prix Corp., 51 AD2d 140, 143; Matter of Schaus v Scott, 90 Misc 2d 887.) Whether this court agrees with said determination is not the issue, for this court may not arrogate to itself the power of appellate review (Belski v New York Cent. R.R., 38 AD2d 882).
Upon reargument and reconsideration, the court adheres to its original ruling, i.e., sustaining the objections to the introduction by plaintiff of the Lewis C. Smith deposition conducted in the Federal court.