Kleiner v Crystal Ball Group, Inc. (2020 NY Slip Op 04469)





Kleiner v Crystal Ball Group, Inc.


2020 NY Slip Op 04469


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-08705
 (Index No. 711908/16)

[*1]Sheryl Kleiner, appellant, 
v
Crystal Ball Group, Inc., et al., respondents.


William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, Mineola, NY (Gail L. Ritzert and Thomas E. Fogarty of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered July 2, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, who was a guest at a wedding reception, was standing and speaking with another guest when the defendant Yanelis Rodriguez, an employee of the wedding venue, stepped backwards and bumped into the plaintiff, causing her to fall. The plaintiff commenced this action against Rodriguez and her employer, the defendant Crystal Ball Group, Inc., to recover damages for injuries she allegedly sustained as a result of the accident. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals. We affirm.
Contrary to the plaintiff's contention, the defendants established, prima facie, that Rodriguez was not negligent in the happening of the accident as a matter of law (see Weinstein v Seawane Golf & Country Club, Inc., 153 AD3d 582, 582-583; Guber v State of New York, 31 AD2d 555, 556; Peralta v LaPlacita Dominica Mkt. Corp., 170 Misc 2d 340, 341-343 [Sup Ct, Queens County]). "There are certain occurrences which one might consider sufficiently recurring as to be incidental to the usual routine of life in our society, and, while one might strive to avoid them, their occurrence is not necessarily actionable without some proof of negligence" (Peralta v La Placita Dominica Mkt. Corp., 170 Misc 2d at 342). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court