Caferri v Levittown Props., LLC (2024 NY Slip Op 03159)

Caferri v Levittown Props., LLC

2024 NY Slip Op 03159

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2023-00382
 (Index No. 611092/18)

[*1]Toni Ann Caferri, appellant, 
v
Levittown Properties, LLC, et al., defendants, David W. Emanuel, respondent.

Schwartz Goldstone Campisi & Kates, LLP (Joshua Annenberg, New York, NY, of counsel), for appellant.
Law Offices of Curtis, Vasile, Mehary & Dorry, P.C., Merrick, NY (Michael J. Dorry of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered December 12, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant David W. Emanuel which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 12, 2015, the defendant David W. Emanuel (hereinafter the defendant) and the plaintiff attended a comedy show at the defendant Governor's Comedy Club. As the defendant was walking to his seat, he stumbled over a chair. While the defendant was attempting to break his fall, one of his hands made contact with the plaintiff's hand. Thereafter, the plaintiff commenced this action against the defendant, among others, to recover damages for personal injuries. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff appeals.
Contrary to the plaintiff's contention, the defendant established, prima facie, that he was not negligent in the happening of the accident (see Kleiner v Crystal Ball Group, Inc., 186 AD3d 588, 589; Weinstein v Seawane Golf & Country Club, Inc., 153 AD3d 582, 582-583). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court