Simmons v Stop & Shop Supermarket Co., LLC (2024 NY Slip Op 03839)

Simmons v Stop & Shop Supermarket Co., LLC

2024 NY Slip Op 03839

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2023-01612
2023-03097
 (Index No. 53983/19)

[*1]Deborah A. Simmons, appellant, 
v
Stop & Shop Supermarket Company, LLC, etc., respondent.

Keith S. Rinaldi, P.C. (Treybich Law, P.C., Poughkeepsie, NY [Michael Treybich], of counsel), for appellant.
Cullen and Dykman, LLP, Uniondale, NY (Nicholas M. Cardascia of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Thomas R. Davis, J.), dated January 9, 2023, and (2) a judgment of the same court entered February 23, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained on June 1, 2019, when she came into contact with one of the defendant's employees in the checkout aisle of the defendant's supermarket. The defendant's employee, who was working at an abutting cash register, stepped backward while in a bent position and allegedly made contact with the plaintiff as she walked back toward her cart in the aisle. The defendant moved for summary judgment dismissing the complaint. In an order dated January 9, 2023, the Supreme Court granted the defendant's motion. A judgment was entered thereafter, upon the order, in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
"The mere happening of an accident, in and of itself, does not establish liability of a defendant" (Scavelli v Town of Carmel, 131 AD3d 688, 690). "There are certain occurrences [*2]which one might consider sufficiently recurring as to be incidental to the usual routine of life in our society, and, while one might strive to avoid them, their occurrence is not necessarily actionable without some proof of negligence" (Kleiner v Crystal Ball Group, Inc., 186 AD3d 588, 589 [internal quotation marks omitted]). Here, contrary to the plaintiff's contention, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that its employee was not negligent in the happening of the accident (see id.; Weinstein v Seawane Golf & Country Club, Inc., 153 AD3d 582; Peralta v LaPlacita Dominica Mkt. Corp., 170 Misc 2d 340 [Sup Ct, Queens County]). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court